Rachel E. Kaufman (CSB# 259353)
rachel@kaufmanpa.com
KAUFMAN P.A.
237 South Dixie Highway, Floor 4
Coral Gables, FL 33133
Telephone: (305) 469-5881
Email: Rachel@kaufmanpa.com

*Attorney for Plaintiff and the Proposed Class*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **GREGORY FLYNN, SR.,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>**WEST COAST WINDOWS AND HOME IMPROVEMENT**, a California company,<br><br>*Defendant.* | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT

Plaintiff Gregory Flynn, Sr. ("Plaintiff Flynn" or "Flynn") brings this Class Action Complaint and Demand for Jury Trial against Defendant West Coast Windows and Home Improvement, ("Defendant" or "West Coast Windows") to stop the Defendant from violating the Telephone Consumer Protection Act ("TCPA") by placing unsolicited telemarketing calls to consumers whose phone numbers are

registered on the National Do Not Call Registry ("DNC"). Plaintiff also seeks injunctive and monetary relief for all persons injured by Defendant's conduct. Plaintiff Flynn, for this Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## PARTIES

1. Plaintiff Flynn is a resident of Hesperia, California.

2. Defendant West Coast Windows is a company registered in California, with its headquarters located in Corona, California. Defendant West Coast Windows conducts business throughout this District and throughout California.

## JURISDICTION AND VENUE

3. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

4. This Court has personal jurisdiction and venue is proper since Defendant has its headquarters in this District and the wrongful conduct giving rise to this case was directed from this District to the Plaintiff.

# INTRODUCTION

5.  As the Supreme Court explained at the end of its term this year, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

6.  When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3).

7.  By 2003, due to more powerful autodialing technology, telemarketers were calling 104 million Americans every day. In re Rules and Regulations Implementing the TCPA of 1991, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

8.  The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

9.  According to online robocall tracking service "YouMail," 4.3 billion robocalls were placed in January 2024 alone, at a rate of 137.9 million per day. www.robocallindex.com (last visited February 12, 2024).

10. The FCC also has received an increasing number of complaints about unwanted calls, with 150,000 complaints in 2016, 185,000 complaints in 2017, and

232,000 complaints in 2018. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

11. "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

12. "The FTC receives more complains about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

## COMMON ALLEGATIONS

13. Defendant West Coast Windows sells energy efficient windows and doors, as well as other home remodeling services to consumers throughout California.[3]

14. Defendant places telemarketing calls *en masse* to consumers to generate remodeling business.

---

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls
[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf
[3] https://wcwhi.com/

CLASS ACTION COMPLAINT

4

15. Defendant West Coast Windows use an automatic dialing system to place cold calls to consumers, as per job postings that Defendant posted online:

**Call Center/Telemarketing**
West Coast Windows and Home Improvement - Corona, CA
$620 - $1,500 a week

**Apply Now**

Are you looking for an opportunity to make more money then just a traditional 8-5 Job?

West Coast Windows and Home Improvement specializes in energy efficient products such as Windows, Roofing, Heating and Air, Coolife and Patio Covers.

Our Company is currently looking to hire several call center representatives to set appointments with potential customers. <u>This is a cold calling position.</u> No inbound calls.

No Experience required. "Paid Training."

Experience is a plus. The more experience, the higher your pay. " Looking for a Closer"

We pay hourly + commissions + Bonuses + spiff's and have Monthly Contests.

<u>Employees work on a computer which is hooked up to a automatic dialing system.</u> [4]

---

[4] https://www.indeed.com/cmp/West-Coast-Windows-and-Home-Improvement-4/jobs?jk=7cdd0432cd629f1c&start=0&clearPrefilter=1

CLASS ACTION COMPLAINT

5

> **Job Description**
> Looking for experienced Telemarketers to work the dialer and Canvassers to Knock on doors working out of our Company vans to bring in leads for a Home Improvement Company. We specialize in energy efficient products: Windows, Cool life Coating, Roofing, Insulation, HVAC, Patio Covers, and Landscaping. The more experience the higher $$$$. We pay by the Hour + Top Dollar on Sales, Daily Spiffs, Bonuses, with a Monthly Contests.
> * Motivated to make $$$$$, this is the job you have been looking for.
> * Want to make more than what your job is paying now?, this is the right place for you.
> * Daily spiffs paid every morning, spin the wheel, and more.
> * A Team player who can walk the walk and talk the talk.
> * Monday thru Thursday + Saturday full time
> * looking for Experienced managers!
>
> **Company Description**
> West Coast Windows and Home Improvement [5]

> **West Coast Windows and Home Improvement is Hiring a Call Center/Telemarketing Assistant Manager Near Corona, CA**
>
> West Coast Windows and Home Improvement specializes in Windows, Roofing, Heating and Air, Coolife and Patio Covers.
> Our Company is currently looking for an assistant manager to work in our call center.
> Must have prior experience and knowledge of the products we sell………………………
> Must have experience running a call center, working with a predicative dialer and an excellent trainer and motivator.
> Must have experience confirming appointments and the ability to schedule leads for our sales rep.
> We pay hourly commissions Bonuses spiff's and have Monthly Contests.
> Employees work on a computer which is hooked up to a automatic dialing system.
> Work Hours: Mon & Wed 11am-8pm, Tues & Thur 10am-7pm & Sat 9am-4:30pm [6]

16. Some of the unsolicited telemarketing calls from West Coast Windows are placed to consumers whose phone numbers are registered on the DNC, as per Plaintiff's experience.

---

[5] https://www.ziprecruiter.com/c/West-Coast-Windows-and-Home-Improvement/Job/Telemarketing-and-Outdoor-Canvassers-Needed/-in-Corona,CA?closed_job_redirect=1&jid=4b13cef032879f73

[6] https://www.career.com/company/west-coast-windows-and-home-improvement/job/call-center-telemarketing-assistant-manager/-in-corona,ca?jid=1877638c-893f-4d55-a406-d1e1b2a290f1

CLASS ACTION COMPLAINT

6

17. To make matters worse, West Coast Windows continues to place unsolicited calls after being instructed to stop calling.

18. Consumers have posted complaints online about West Coast Windows' unsolicited telemarketing calls, including:

- "These people have called me almost a dozen times at this point, and I have asked them to remove me from their database multiple times because they have the wrong number. They continue to call, so I am giving them a poor review due to their spamming, disrespectful outreach efforts."[7]

- "Called multiple times and harrassed me. First time it took like 10 seconds for someone to actually respond. If you want my/someone's business, care enough to be on the other end of the phone instead of wasting my time. The number they called from at first also showed up as "Spam Likely" and was not their business number. I would be willing to bet that it is a spoofed number. Second time was their business number. Shame you guys won't even be a consideration for us because of how you initiate business with someone. EDIT: Calling continued. Even after leaving a BBB review and continuing to inform them that I wasn't the home owner, we no longer owned the home they were asking about, and that the calls were unsolicited. They claimed it was cause we had an appointment, which we never did. Started getting calls again recently, couple times a day. Spoke with Carlos last 2 times, who assured me I would be removed. Let's see what happens this time."[8]

- "TOLD THOSE IDIOTS TO QUIT CALLING ME AND BOTHERING ME. 5 DANG TIMES IN 2 DAYS AND LATE AT NIGHT. THIS COMPANY IS PATHETIC."[9]

---

[7] https://www.google.com/search?sca_esv=1eabd946f7bc57df&q=West+Coast+Windows
[8] Id.
[9] https://www.bbb.org/us/ca/corona/profile/windows/west-coast-windows-and-home-improvement-1066-850022385#sealclick

CLASS ACTION COMPLAINT

7

- "They call like every other day and are pushing…they wanted my social security number and my credit card and everything else..identity fraud is what they up too"[10]

- "Bro. I've asked 4x to not be called and I keep getting harassed/bothered. They keep asking for a family member (unsure why they have this number) and have the nerve to try to pitch me anyways and ask where I live, etc. These business practices are so shady, what scum"[11]

- Got a call from this company, they knew my name, asked how I was doing and then said goodbye and hung up, this must be some kind of fishing scam, I find it hard to believe this is a legitimate company."[12]

- "No! I will not remove my review. Your business has no right calling people out of nowhere. By the look of the other reviews clearly mine even being removed wouldn't make a difference"[13]

- "This business called me twice yesterday and once today. My phone numbers are on the National Do Not Call List. When I spoke to the lady who called today, she acted as if she knew nothing about the list. I explained that she is supposed to check every number to see if it is on the list before calling anyone. She didn't seem to care. I called the office and spoke with Leanne, who also didn't care. Don't do business with a company who does not value your privacy!"[14]

19.  In response to these calls, Plaintiff Flynn brings forward this case seeking injunctive relief requiring the Defendant to cease from violating the TCPA, as well as an award of statutory damages to the members of the Class and costs.

**PLAINTIFF FLYNN'S ALLEGATIONS**

---

[10] https://www.yelp.com/biz/west-coast-windows-and-home-improvement-corona
[11] Id.
[12] Id.
[13] https://www.yelp.com/biz/west-coast-windows-and-home-improvement-corona?start=10
[14] Id.

CLASS ACTION COMPLAINT

8

20. Plaintiff Flynn is the sole owner and user of his cell phone number ending in 5949.

21. Plaintiff Flynn registered his cell phone number on the DNC on January 13, 2015.

22. Plaintiff Flynn uses his cell phone number for personal use only as one would use a landline telephone number in a home.

23. Plaintiff Flynn has never advertised his cell phone number for business purposes.

24. Plaintiff Flynn's cell phone number has never been associated with a business.

25. Plaintiff Flynn pays for his cell phone service and the cell phone is registered under his name.

26. Plaintiff Flynn uses his cell phone number to communicate with family and friends, and for household purposes only.

27. The phone calls that Plaintiff Flynn received from Defendant West Coast Windows were all received more than 31 days after the Plaintiff registered his cell phone number on the DNC.

28. In the middle of January of 2024, Plaintiff Flynn began receiving unsolicited telemarketing calls from West Coast Windows to his cell phone number.

CLASS ACTION COMPLAINT

29. When Plaintiff answered the calls, the caller would first ask for the homeowner and would then identify Plaintiff by name.

30. The purpose of the calls was to solicit remodeling services, including new windows.

31. The callers identified the company name as West Coast Windows when they called.

32. Plaintiff Flynn asked the callers how they acquired his contact information and was told that Defendant works with the counties to assist homeowners with energy saving upgrades.

33. Each time Plaintiff received an unsolicited call from West Coast Windows, he would specifically instruct the callers not to call his cell phone number again and would inform them that his cell phone number is registered on the DNC.

34. Despite his stop requests, the calls continued.

35. On January 23, 2024, Plaintiff received an unsolicited call from West Coast Windows to his cell phone number from 951-272-6648.

36. The caller display identified the company name West Coast Windows:

CLASS ACTION COMPLAINT

> +1 (951) 272-6648
> Corona, CA (3)
> 1/23/24
>
> +1 (951) 272-6648
> West Cst Wndws
> 1/23/24

37. This call was not answered, but Plaintiff called 951-272-6648 back on January 23, 2024 until he was connected to an employee.

38. Plaintiff spoke to an employee who said that they called Plaintiff to see if Plaintiff requires new windows or other remodeling services.

39. Plaintiff told the employee that his phone number is registered on the DNC and stated, "Don't call me again."

40. When 951-272-6648 is called, an automated system identifies the full company name West Coast Windows and Home Improvement.

41. On January 25, 2024, Plaintiff Flynn received another unsolicited call from West Coast Windows to his cell phone number, from 951-272-6648.

42. As with the previous call, this one was not answered but Plaintiff called 951-272-6648 back on January 25, 2024.

43. Plaintiff spoke to an employee who said that they called Plaintiff to see if Plaintiff requires new windows or other remodeling services, including solar.

CLASS ACTION COMPLAINT

11

44. Plaintiff Flynn asked the employee how they acquired his contact information.

45. In response, the employee explained that Plaintiff's number was provided by the counties, because West Coast Windows works with the counties to assist consumers in saving money through energy saving upgrades.

46. Plaintiff Flynn told the employee that he also works with the counties and that the counties don't share consumer phone numbers. The employee stammered in response and said that West Coast Windows would stop calling Plaintiff's cell phone number.

47. Plaintiff ended the call by warning the employee that if he receives any more calls from West Coast Windows, he would take legal action.

48. On February 3, 2024, Plaintiff Flynn received yet another unsolicited telemarketing call from West Coast Windows to his cell phone number, from 951-272-6648.

49. When Plaintiff answered this call, an employee asked for Plaintiff's daughter by name.

50. Plaintiff's home is registered under the names of Plaintiff, his wife and his daughter.

51. Plaintiff told the employee that his cell phone number is registered on the DNC. Plaintiff then told the employee to stop calling his cell phone number.

CLASS ACTION COMPLAINT

12

52. Plaintiff Flynn has never done business with West Coast Windows and has never given them consent to call his phone number.

53. The unauthorized solicitation phone calls that Plaintiff Flynn received from or on behalf of Defendant West Coast Windows have harmed Plaintiff in the form of annoyance, nuisance, and invasion of privacy, occupied his phone line, and disturbed the use and enjoyment of his phone.

54. Seeking redress for these injuries, Plaintiff Flynn, on behalf of himself and a Class of similarly situated individuals, brings suit under the TCPA.

## CLASS ALLEGATIONS

55. Plaintiff Flynn brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seeks certification of the following Class:

> **Do Not Call Registry Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) West Coast Windows called more than one time, (2) within any 12-month period, (3) where the person's residential telephone number had been listed on the National Do Not Call Registry for at least thirty days, (4) for substantially the same reason Defendant called Plaintiff.

56. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons

who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against the Defendant have been fully and finally adjudicated and/or released. Plaintiff Flynn anticipates the need to amend the Class definition following appropriate discovery.

57. **Numerosity and Typicality**: On information and belief, there are hundreds, if not thousands of members of the Class such that joinder of all members is impracticable, and Plaintiff is a member of the Class.

58. **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

(a) Whether Defendant's conduct violated the TCPA;

(b) Whether Defendant placed multiple calls within a 12-month period to Plaintiff and other consumers whose telephone numbers were registered with the DNC for at least 30 days of the time of each call;

(c) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

59. **Adequate Representation**: Plaintiff Flynn will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in class actions. Plaintiff Flynn has no interests antagonistic to those of the Class, and the Defendant has no defenses unique to Plaintiff. Plaintiff Flynn and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff Flynn nor his counsel have any interest adverse to the Class.

60. **Appropriateness**: This class action is also appropriate for certification because the Defendant has acted or refused to act on grounds generally applicable to the Class and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as wholes, not on facts or law applicable only to Plaintiff Flynn. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an

individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

## FIRST CLAIM FOR RELIEF
### Telephone Consumer Protection Act
### (Violation of 47 U.S.C. § 227)
### (On Behalf of Plaintiff Flynn and the Do Not Call Registry Class)

61. Plaintiff repeats and realleges the prior paragraphs of this Complaint and incorporates them by reference herein.

62. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or his telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

63. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

64. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff Flynn and the Do Not Call Registry Class members who registered their respective

telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

65. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff Flynn and the Do Not Call Registry Class received more than one telephone call in a 12-month period made by or on behalf of the Defendant in violation of 47 C.F.R. § 64.1200, as described above.

66. As a result of Defendant's conduct as alleged herein, Plaintiff Flynn and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, inter alia, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

67. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Class as defined above; appointing Plaintiff as the representative of the Class; and appointing his attorneys as Class Counsel;

CLASS ACTION COMPLAINT

b) An award of money damages and costs;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

d) An injunction requiring Defendant to cease all unsolicited calling activity, and to otherwise protect the interests of the Class; and

e) Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Flynn requests a jury trial.

Respectfully Submitted,

**GREGORY FLYNN, SR.**, individually and on behalf of all others similarly situated,

DATED this 22nd day of February, 2024.

By: /s/ *Rachel E. Kaufman*
Rachel Elizabeth Kaufman
Kaufman P.A.
237 South Dixie Highway, Floor 4
Coral Gables, FL 33133
(305) 469-5881
Email: Rachel@kaufmanpa.com

*Attorney for Plaintiff and the putative Class*

CLASS ACTION COMPLAINT