UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 24-406-KK-SHKx** | Date: | June 25, 2024 |
| Title: | *Gregory Flynn, Sr. v. West Coast Windows and Home Improvement* | | |

Present: The Honorable   KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE

| Noe Ponce | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (In Chambers) Order to Show Cause Why Defendant Should Not Be Sanctioned for Failure to Participate in Preparation of the Joint Rule 26(f) Report

On February 22, 2024, plaintiff Gregory Flynn, Sr. ("Plaintiff") initiated the instant putative class action against defendant Joe E. Vernon d/b/a West Coast Windows and Home Improvement ("Defendant").[1]  ECF Docket No. ("Dkt.") 1.  On April 4, 2024, Defendant, proceeding pro se, filed an Answer to the Complaint.  Dkt. 12.

On April 12, 2024, the Court issued an Order Setting Scheduling Conference requiring the parties to submit a Joint Rule 26(f) Report no later than May 9, 2024.  Dkt. 15.  The Court's April 12, 2024 Order further required the Joint Rule 26(f) Report to "be submitted and signed jointly."  Id. at 2.

On May 9, 2024, Plaintiff filed a Rule 26(f) Report pursuant to the Court's April 12, 2024 Order.  Dkt. 18.  Plaintiff stated, although Plaintiff's counsel provided Defendant with a draft Joint Rule 26(f) Report on May 2, 2024, Defendant "did not provide feedback regarding this report despite numerous attempts to gain his revisions, if any, and consent to jointly file."  Id. at 1 n.1.

---

[1] While the Complaint named West Coast Windows and Home Improvement as the defendant, see dkt. 1, the operative First Amended Complaint names defendant Joe E. Vernon, a California sole proprietor d/b/a West Coast Windows and Home Improvement, as the defendant, see dkt. 17.

  Defendant is, thus, in violation of the Court's April 12, 2024 Order.  <u>See</u> dkt. 15 at 2.  The Court has inherent power to impose sanctions for "willful disobedience of a court order[.]"  <u>See Evon v. Law Offices of Sidney Mickell</u>, 688 F.3d 1015, 1035 (9th Cir. 2012).  Before imposing sanctions, the Court will afford Defendant an opportunity to explain his failure to participate in preparation of the Joint Rule 26(f) Report as directed by the Court's April 12, 2024 Order.

  Accordingly, Defendant is **ORDERED TO SHOW CAUSE** in writing why sanctions should not be imposed.  Defendant shall have **up to and including July 9, 2024** to file a response to this Order.

  **Furthermore, Defendant is expressly warned that failure to timely file a response to this Order may result in sanctions, including monetary and/or terminating sanctions.**

  **IT IS SO ORDERED.**